IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEON JOHNSON,<br> Plaintiff,<br><br>v.<br><br>M. HENDERLITE, *et al.*,<br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 7:23cv00113<br><br>By: Elizabeth K. Dillon<br>   United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Leon Johnson, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. She has not paid the filing fee, nor has she sought leave to proceed *in forma pauperis*.[1]

Based on court records, it is clear that at least three of Johnson's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[2] Put differently, she has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if she could prove her indigence, Johnson may not proceed with this case unless she either prepays the entire filing fee—which she has not done—or shows that she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Her complaint, however, fails to allege any imminent danger of serious physical injury. For this reason, discussed in more detail herein, the court will dismiss the complaint in its entirety.

---

[1] Based on complaints Johnson has filed in other cases, Johnson is a transgender woman, and she refers to herself using feminine pronouns. The court does so also.

[2] The cases are: (1) *Johnson v. Duty*, No. 7:21cv00635 (W.D. Va. July 1, 2022) (dismissing for failure to state a claim under 28 U.S.C. § 1915A(b)(1)); *see also Johnson v. Duty*, No. 7:21cv00635 (W.D. Va. Aug. 22, 2022) (denying motion for reconsideration and noting that requested amendments still fail to state a claim); (2) *Johnson v. Fuller*, No. 7:22cv00343 (W.D. Va. July 21, 2022) (dismissing for failure to state a claim under 28 U.S.C. § 1915A(b)(1)); *see also Johnson v. Fuller*, No. 7:22cv00343 (W.D. Va. Dec. 6, 2022) (denying motion for reconsideration and noting that even with proposed amendments, the complaint fails to state a claim); and (3) *Johnson v. Freeman*, No. 7:22-cv-00399 (W.D. Va. Dec. 6, 2022) (dismissing for failure to state a claim under 28 U.S.C. § 1915A(b)(1)).

Johnson's claims all arise from a period of time when she was incarcerated at the Marion Correctional Treatment Center, although she apparently was transferred from that facility prior to filing this lawsuit. The primary allegations in Johnson's complaint are that she has been denied access to televised religious services and that she has been given false disciplinary charges. She further alleges that two of the defendants violated her Eighth Amendment rights by being deliberately indifferent to unspecified "conditions" at the institution. She also references one incident in July 2022, when she allegedly was restrained too tightly, resulting in injuries to both of her wrists. (*See generally* Compl., Dkt. No. 1.)

Notably, Johnson's complaint does not contain any allegations to support a conclusion that she is in imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). The "imminent danger" must "exist contemporaneously when the action is filed," *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022), as "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct"). Here, only one of Johnson's claims involved physical force used against her at all, and that occurred approximately six months before she filed her lawsuit. She has thus failed to satisfy the "imminent danger" exception.

As Johnson has neither prepaid the filing fee nor demonstrated that she is "under imminent danger of serious physical injury," the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate order will be entered.

Entered: February 22, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge